UNITED STATE DISTRICT COURT

for the

District of Arizona

Ninth Division

CV-19-01786-PHX-SMB

Case No.:_____

YOLANDA LEWIS-MOZEJKO,     )
                           )
        Plaintiff,         )
                           )
                           )
    ~v~                    )
                           )
DEPARTMENT of VETERANS AFFAIR,     )
VETERANS HEALTH ADMINISTRATION     )
HUMAN RESOURCES,           )
                           )
OFFICE of PERSONNEL MANAGEMENT,    )
                           )
GOVERNMENT EMPLOYEES HEALTH        )
ADMINISTRATION,            )
                           )
        Defendants,        )
_____)

```
✓ FILED      ___ LODGED
___ RECEIVED ___ COPY

    MAR 1 8 2019

CLERK U S DISTRICT COURT
  DISTRICT OF ARIZONA
BY _____ DEPUTY
```

COMPLAINT AND REQUEST FOR INJUNCTION

I.   **The Parties to This Complaint**

   A.   The Plaintiff(s)

        Name:              Yolanda Lewis-Mozejko
        Street Address:    1609 E Greenway Rd.
        City and County:   Phoenix, Maricopa County
        State and Zip Code: Arizona, 85042
        E-mail Address:    getitsigned@aol.com

   B.   The Defendants(s)

        Name:              Dept. of Veterans Affair, Human Resources
        State Address:     650 E Indian School Rd.
        City and County:   Phoenix Maricopa County
        State and Zip:     Arizona, 85042


        Name:              Office of Personnel Management, FEBH
        Street Address:    1900 E St. NW
        City and County:   Washington
        State and Zip:     District of Columbia, 20415


        Name:              Government Employee Health Association, Inc.
        State Address:     PO Box 21542
        City and County:   Egan
        State and Zip:     MN 55121

II.  **Basis for Jurisdiction**

     28 USC § 1331.  Federal questions

    A.    5 CFR Part 890
- Subpart A - Administration and General Provision (§§ 890.101 - 890.112)
- Subpart C - Enrollment (§§ 890.301 - 890.308)
- Subpart D - Temporary Extension of Coverage and Conversion (§890.401)
- Subpart K - Temporary Extension of Coverage (§§890.1101 - 890.1113)

### III.  Statement of Claim

Plaintiff was a federal employee with the Dept of Veterans Health Administration (hereafter Employer VHA) from 2/5/2018 thru 10/22/2018, when plaintiff was terminated. During this period, Plaintiff, elected FEHB under Government Employee Health Association, Inc. (hereafter GEHA), with a payment amount of $118.12 per pay period.

Plaintiff learned that she was entitled to Temporary Extension of Coverage for a period on 31 days on 11/8/2019 when she reviewed the requested a copy of her SF50 from Employer VHA. Upon Plaintiff's termination on 10/22/2018, Plaintiff was never out processed from her position as a VHA employee, thus was never actually formerly advised of the temporary continuation of coverage for a 31 day period. Nor did Plaintiff received any information of conversion under COBRA after the 31 days of temporary extension of coverage under CORBA. (See §890.401(a)(1), (c)(1)(2) ).

Plaintiff was subsequently offered and accepted a position with the Dept of Veteran Benefits Association (hereafter Employer VBA), with a start date of 11/25/2018. Upon Plaintiff's first pay period, (end date 10/27/2018 / pay date 11/02/2018) with the Employer VBA, she noticed that there was a deduction for payment of her FEHB to GEHA in the amount of the $118.12. Plaintiff, questioned this discovery with her training manager, whom directed her to Employer HR. Plaintiff discussed and showed the her LES to Employer HR representative and was told that it was mistake that would be corrected and any payment(s) paid would be refunded. However, each and every pay period thereafter to present, the same deduction was made, as well as the payment of the Government's portion as outlined in §890.1109 (a). Plaintiff's portion was increased to $126.38 upon the first payment period.

Plaintiff, contacted GEHA upon her receipt collection letters requesting a refund for their over payments, base on a notice of termination effective 11/27/2018. GEHA refused to pay for medication needed for diabetes. Upon Plaintiff's contact the collection department of GEHA, she was told that their records showed no gaps in her payments nor the Government portions for all pay periods, both past and current pay periods. However, as per their policy this meant nothing and same was not the issue at hand and the notice of termination had precedence over payments they received. GEHA representative further stated that she would send my information to the collection agency, unless a letter from her HR was provided stating an error had been made.

GEHA promptly canceled coverage upon day 31 based on the effective date of my termination as per Employer VHA notification, however, Employer VHA failed to provide notification to Plaintiff as required in ¶ (c) (2) of §890.401. As outlined in ¶(c)(2), Plaintiff did not make a request to GEHA to convert at anytime, because GEHA accepted and retained the payments of both the Plaintiff and the Government in spite of their termination of coverage.

### IV.  Irreparable Injury

Any monetary damages at this point in time would not be adequate compensation for the stress and anxiety suffered by the Plaintiff as a result of this matter; Plaintiff's perfect credit will suffer upon notification of collection activity. In addition, GEHA request for reimburse of payments made and refusal pay any current medical / medication bills, the outstanding amount is approximately $6,000. The anxiety surrounding the possibility of not have enough medication for the required daily doses for diabetes.

This matter is causing interference in the Plaintiff's job performance, as the very thought of collection agencies, and the possibility of being out of medication are constantly thought of daily. Plaintiff is a Veteran with a 50% service connected disability and the stress of this matter is aggravating this disability.

Plaintiff contacted the Dept of Personnel Management seeking assistance with this matter on 3/6/2019 and was told that she should contact the Dept of Veteran Affairs Benefits Officer for the VA. Shortly afterward Plaintiff contacted Erin Andrews, the VA Benefits Office to confirm her receipt of an email. Ms. Andrews immediately advised that she had no power to force any action to anyone on my behalf. Thereafter, plaintiff was copied in on an email to Tiffany Coleman, department and title are unknown. Said email requested that Ms Davis pull the plaintiff's enrollment 2809 from her eOPF and forward same to GEHA.

The following morning Plaintiff access her eOPF and discovered that the new hire documents that was submitted to Employer VBA HR on 12/26/2018 were not shown in her eOPF. The next day plaintiff spoke with a Employer

VBA HR representative whom apologized for not submitting the new hire documents to eOPF and further stated that the reason was due being told that it was well known the issue regarding continuation of health benefits deductions and to advised to mind her own business.

Then Tiffany Coleman of VA, (title and department are unknown) acknowledged that an error had been made and would be corrected by Plaintiff's next pay period, that she would be canceling the current coverage as Plaintiff was not entitled to any coverage, and that any monies paid to GEHA will be refunded. Tiffany Coleman further stated that based on my employment with Employer VBA and that Plaintiff's new coverage will have a effective date of January 6, 2019, thus making Plaintiff solely and completely liable for all medications and medical payments for past and current transaction between 11/27/2018 thru and 1/6/2019 a sum of approximately $6000.

Any cost of conversion at this point time would above and beyond they amount paid for coverage due to the Employer VHA mistake and totally unfair to the Plaintiff as all this would not within her control. Even after advising the Employer VBA, who is under the same payroll as Employer VHA, it has taken 5 months to correct a mistake they had long know about.

### V. Relief

Plaintiff is seeking in junction order that will prevent Employer VHA from now attempting to correct their mistake after their failed properly notify Plaintiff as outlined in §890.401(a)(1), (c)(1) and advised GEHA of their reinstatement of Plaintiff's coverage due to the continuation of premium payments without any gaps;

Order GEHA to honor their obligation to provide coverage as Plaintiff made payments and GEHA accepted and retained each and every payment paid by the Plaintiff and the Government and made no attempt to inquire, and to honor their duty to promptly pay any and all outstanding past and present medical and medication that has been denied.

In terms of damages:   Actual damage   reimbursement of the $400 filing fee;
                       Punitive damages   $10,000.

Reason being that the only alternative to resolution was by way of an injunction is the basis for actual damages. As for punitive damages, Plaintiff filed an EEOC against Employer VHA HR, for their failure to timely process her Request for Reasonable Accommodation during her tenure of employment. In addition, Plaintiff caught her then manager reviewing her medical records, and this was validated upon receipt documents from the Privacy Officer of the Employer VHA. Plaintiff filed a complaint as this was a HIPPA violation, ss result Plaintiff was terminated for conduct. The matter was settled, however, Employer VHA took over 3 months to facilitated the settlement payment to Plaintiff. The matter herein can be inferred as retaliation. Employer VHA has plenty of experience and knowledge of the termination procedure requirements, but, yet grossly failed to adequately apply / follow the law as outlined. Thus causing their continuance negligence of duty and obligations as my employer to inflict pain and suffering on the Plaintiff without just cause.

### VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase in the cost of litigation: (2) is supported by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law: (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or deiscovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.   I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office my result in the dismissal of my case.

Dated of signing: March 15, 2019

Signature of Plaintiff

Printed Name of Plaintiff   Yolanda Lewis-Mozejko